UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
MAR 09 2017
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause No. |
| JERRY BOUCHER, | ) | 1:17-cr-0037 JMS -DML |
| Defendant. | ) | |

**PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Steven D. DeBrota, Senior Litigation Counsel, and the Defendant, Jerry Boucher ("the Defendant"), in person and by counsel, William Dazey, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The following are its terms and conditions:

**Guilty Plea and Charges**

1. **Plea of Guilty:** The Defendant will waive indictment by the Grand Jury and petition the Court for leave to enter, and then enter, a plea of guilty to the following offense charged in the Information:

**A.** Count 1, which charges that the Defendant possessed a computer storage drive containing visual depictions of actual minors under the age of 12 years engaging in sexually explicit conduct ("child pornography"), in violation of 18 U.S.C. § 2252(a)(4)(B).

2. **Count 1: 18 U.S.C. § 2252(a)(4)(B) (possession)**

A. **Potential Penalties:** This offense may be punished by a maximum term of 20 years of imprisonment, a fine of up to $250,000.00, and a term of supervised release following any term of imprisonment for at least 60 months and up to the life of the Defendant.

B. **Elements of the Offense:** To sustain this offense, the Government must prove the following propositions to jury beyond a reasonable doubt: (1) the Defendant knowingly possessed one or more films, videotapes, or other matter that contained a visual depiction of a minor engaged in sexually explicit conduct; <u>and</u> (2) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, and the visual depiction was of such conduct; <u>and</u> (3) the Defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct; <u>and</u> (4) the visual depiction had been produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer. Also, for the statutory maximum sentence of 20 years to apply, the Government would have to prove that at least one of the minors in the material was under the age of 12 years.

## General Provisions

**3. 18 U.S.C. § 3553(a) and Sentencing Guidelines:** The Defendant agrees and understands that should this Court accept this plea agreement, the Court will sentence him to the specific sentence set forth in **Paragraph 8**, below. He agrees and understands that the Court, in deciding whether to accept or reject the specific sentence set forth in **Paragraph 8**, below, will (A) consider the factors set forth in 18 U.S.C. § 3553(a), and (B) consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G."). He also agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature, and that the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

**4. Rule 11(c)(1)(C), Fed.R.Crim.P.:** The Defendant acknowledges that this Plea Agreement is governed by Fed.R.Crim.P 11(c)(1)(C) and that the specific sentence set forth in **Paragraph 8,** below, is the appropriate disposition of this cause. The parties understand that the Court must accept or reject the sentence specified in this Plea Agreement. If the Court rejects this Plea Agreement, then either party may withdraw from this Plea Agreement. The Defendant acknowledges that pursuant to Fed.R.Crim.P. 11(c)(3), (4) and (5), if the Court rejects the Plea Agreement, the Court will advise him personally in open court that the Court is rejecting the Plea Agreement and the Court will afford both parties the opportunity to then withdraw the Plea Agreement.

**5. Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the United States Attorney for the Southern District of Indiana.

**6. No Protection from Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this Plea Agreement shall protect him in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The Defendant further acknowledges and agrees that nothing in this Plea Agreement shall protect him in any way from prosecution for any offense committed after the date of this Plea Agreement.

**7. Rights Under Rule 11(b), Fed.R.Crim.P.:** The Defendant understands that the United States has the right, in a prosecution for perjury or false statement, to use against him any statement that the Defendant gives under oath during the guilty plea colloquy. He also understands that he has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and, (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. He also understands that the Constitution guarantees the right to be considered for

release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. He understands that if the Court accepts this plea of guilty, he waives all of these rights.

**Sentence to be Imposed**

**8. Agreed Upon Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):** The parties agree that the following sentence is the appropriate disposition of this cause:

**A. Imprisonment:** The Court should sentence the Defendant to a term of imprisonment for a period of **41 to 51 months**. Each party is free to present evidence and arguments for a specific sentence within this range.

**B. Length of Supervised Release**: The parties understand that a period of supervised release must be ordered for a period of **at least 60 months and of up to the life of the Defendant**. Each party may present evidence and arguments for a specific period of supervised release in this range, to follow the term of imprisonment.

**9. No further charges**: If the Court accepts this agreement, and sentences the Defendant according to its terms, then the Government will not file any additional charges relating to the Defendant's presently known criminal conduct involving the distribution or receipt of child pornography. However, if

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

the Defendant has committed any criminal offenses not disclosed to the Government prior to the signing of this Plea Agreement, then the Government is free to pursue any applicable criminal charges for such conduct. Also, if the Government determines that the Defendant has committed any crime of violence, sex offense, or violation of Chapter 110 of the United States Code, then the Government may withdraw from this agreement or bring additional charges relating to such conduct, as the Government deems appropriate. Finally, if the Defendant later violates his Waiver of Appeal, then the Government and the Court will not be bound by this agreement.

**10. Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

**Financial Conditions**

**11. Restitution:** The Defendant agrees that pursuant to Title 18, United States Code, § 3663, the Defendant will be required to pay restitution to the victims of the offense to which the Defendant is pleading guilty.

**12. $3,000 to Each Identified Victim:** The Defendant will pay $3,000 to each minor victim in the child pornography he distributed, received, made available to other persons, or possessed, if such victim can be identified and makes a claim for such restitution. These funds are intended to allow these victims to obtain counseling, support, treatment, or other assistance related to their victimization.

**13. Presently Unidentified Victims:** The parties understand that the United States has not yet determined through its investigation whether any victims in the child pornography can be identified or will seek such restitution.

**14. Other Claims:** Nothing in this agreement prevents any identified or unidentified victim of these offenses from seeking additional restitution if they choose to do so and can demonstrate losses higher than the amount of the agreed restitution. However, at the present time, the United States does not have any such victims presently identified.

**15. Fine:** Both parties reserve the right to present evidence and argument concerning the amount of the fine.

**16. Payment Terms:** The parties understand that the Court will determine the payment terms for any restitution, fine, or special assessment, except as provided in paragraph 17.

**17. Mandatory Special Assessment**: The Defendant agrees to remit to the Court at the time of sentencing or as directed by the Court a certified check or money order in the amount of **$100**, payable to Clerk, United States District Court, which amount represents the mandatory special assessment that must be imposed by the Court and paid by all federal defendants pursuant to 18 U.S.C. § 3013.

**18. Additional Special Assessment:** If the Court determines that the Defendant is not indigent, then he must also pay an additional special assessment of $5,000 for this offense pursuant to 18 U.S.C. § 3014. Both parties reserve the right to present evidence and argument concerning whether

the Court should impose this additional special assessment in light of his financial circumstances.

**19. Forfeiture:** The Defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which he is pleading guilty, and, therefore, is subject to forfeiture to the United States. He abandons all right, title, and interest in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of his criminal activity, without further notice or obligation whatsoever owing to him. He further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property by any federal, state, or local law enforcement agency.

**20. Forfeited Property:** The Defendant agrees to forfeit to the United States all of the personal property or other assets he used in connection with the offense(s). These assets were taken from him by law enforcement authorities during the investigation and presently remain in their custody. This includes, but is not limited to, all of his cellular phones, digital devices, and storage media, which he knows are already in law enforcement custody. He acknowledges that he is fully aware of the precise nature and type of these items, as listed below:

**A.** Seagate 4 terabyte external hard drive (S/N: NA5KHMZ7; and

**B.** All other personal property taken from the Defendant on August 17, 2016 and presently in law enforcement custody. *See* Attachment A.

**21. Waiver and Consent to Forfeiture:** The Defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., which concern notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. He understands that the forfeiture of assets is part of the sentence in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

**22. Waiver of Forfeiture Challenges:** The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

**23. Obligation to Pay Financial Component of Sentence**: If the Defendant is unable to pay any financial component of his sentence on the date of sentencing, then he agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons. He has a continuing obligation to pay the financial component of the sentence. He further agrees that, as of the date of filing this Plea Agreement,

he will provide all requested financial information, including privacy waivers, consents, and releases requested by the United States to access records to verify his financial disclosures to the United States for use in the collection of any fines, restitution, and money judgments imposed by the Court. He authorizes the United States to obtain his credit reports for use in the collection of any fines and restitution, and money judgments imposed by the Court. He also authorizes the United States to inspect and copy all financial documents and information held by the United States Probation Office. When incarcerated in connection with this case, he will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

**Factual Basis for Guilty Plea**

**24.** The parties stipulate and agree that the following facts establish a factual basis for the Defendant's pleas of guilty to the offenses set forth in Paragraph 1, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to a jury trial. The information provided above is only a summary of the Government's evidence and it reserves the right to present any additional evidence at the time of sentencing. This Plea Agreement is not intended to foreclose the presentation of such evidence.

**25.** On July 22, 2016, Task Force Officer John Pirics ("Pirics") was conducting an online Internet investigation to identify those persons who were sharing child pornography using the BitTorrent network from the files they

possessed. At approximately 8:03 a.m., a computer was located on the BitTorrent network sharing files from a torrent. After examining the torrent, Pirics determined the total number of files associated with it was **551**.

**26.** The person using this computer was running a file sharing program and the computer was configured to share files from a shared folder. This computer was using Internet Protocol (IP) address 107.147.65.181.

**27.** On July 22, 2016, a connection was made between Pirics' computer and the computer using this IP address via the BitTorrent file sharing network. Pirics downloaded multiple files being shared which were associated with the torrent. Pirics then reviewed the downloaded files and determined that he had downloaded a file folder named "*LS Magazine*".

**28.** Special Agent Michael Johnson ("Johnson") of Homeland Security Investigations reviewed the files in the "*LS Magazine*" folder and found 162 files. He determined that several of the images and videos depicted children under the age of 12 years old, who were engaged in sexual acts and/or nude poses, and fell within the definition of sexually explicit conduct involving minors and child pornography set forth in 18 U.S.C. § 2256. The following are descriptions of three images downloaded from this IP address on July 22, 2016:

**29.** *lsm 04-08-102* - This image depicts a nude, prepubescent female child. The child is standing in a bathtub. The picture is oriented so that only the child's mid-section, including her pubic area, is all that is visible of the

victim. A spray nozzle is being held by another person who is reaching between the victim's legs, spraying the child's pubic area with water.

**30.** *lsm 04-08-151* - This image shows two pre-pubescent female victims in a bathtub. Both children are standing and bending forward, in a position which exposes their genitals to the camera.

**31.** *lsm 002-033.* This image shows a pre-pubescent female child's pubic area. The victim is sitting in a bathtub, partially underwater. The child's legs are spread, exposing her genitals to the camera.

**32.** During the downloading of the files associated with this torrent, the law enforcement investigative software generated logs which detailed the communications with the computer using the IP address described above. In addition, it generated a report of the downloaded files. The images and videos were downloaded from a "single source", meaning the files came exclusively and wholly from the single suspect computer and not a group of computers possessing the same file.

**33.** A check of publicly available records maintained by an organization known as the MaxMind determined that the aforementioned IP address was assigned to the internet service provider Bright House Networks.

**34.** A subpoena was sent to Bright House Networks in order to identify the subscriber for the IP address listed above at the relevant date and time. On August 11, 2016, Bright House Networks responded to the subpoena and identified that the subscriber who had been assigned to the IP address listed

above during the relevant times of this investigation was Jerry Boucher in Avon, Indiana.

**35.** A check of a publically available database showed the Boucher resided in Avon, Indiana residence. He was employed as a children's volleyball coach.

**36.** On August 17, 2016, a Federal search warrant was served at Boucher's residence. During the search, computers and storage media were located in what appeared to be his bedroom. Among the storage media was a Seagate 4 terabyte external hard drive (S/N: NA5KHMZ7). Within the folder structure of this drive was a folder named "Vuze Downloads." Johnson knew this to be the name assigned by the Bit Torrent client "Vuze" to the application's default download location.

**37.** Within the folder "Vuze Dowloads", there were a number of video files containing visual depictions of minors engaging in sexually explicit conduct, including the files listed in the Information. All of these files depicted prepubescent girls under the age of 12 years. They are dressed in the beginning of the videos and dancing. The victims then disrobe during the video and continue dancing, at times displaying their nude genital and pubic area to the camera.

**38.** During the serving of the search warrant, Boucher was not at his residence, but he was located and subsequently interviewed at his place of employment. Boucher was told that he was not in custody. Boucher was then

advised of his rights verbally, which he indicated that he understood. He then agreed to speak to Johnson and Pirics.

**39.** Boucher admitted to intentionally downloading child pornography using Vuze and storing the material at his residence. He stated that he first saw an advertisement for child pornography online in 1997, but claimed that he had only been downloading and storing child pornography for the last month. He said that he collected the material because he was curious.

**40.** Boucher admitted to using the following search terms via Vuze to obtain child pornography from the Bit Torrent network: LS, LS Dreams, and LS Magazine. All of the terms to be associated with child pornography and frequently used by offenders to search for such material online.

**41.** The Bittorrent file sharing network is a facility of interstate or foreign commerce, and its use is in or affecting such commerce. Also, the Seagate 4 terabyte external hard drive recovered from the Subject Premises were manufactured outside the state of Indiana. The child pornography stored on this device is the subject of the possession offense.

## **Other Conditions**

**42.** **Background Information:** The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence. The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and

conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

**43. Compliance with Federal and State Laws:** The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws.

**<u>Sentencing Guidelines</u>**

**44. Guideline Computations:** The parties reserve the right to present evidence and argument concerning the appropriate advisory Sentencing Guideline range for these offenses. The parties have discussed this computation, but have not agreed upon the advisory calculation. They agree that the Court will make this determination.

**45. Acceptance of Responsibility:** To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the Defendant should receive a **<u>2</u>** level reduction *provided* the Defendant satisfies the criteria set forth in Sentencing Guideline Section 3E1.1(a) up to and including the time of sentencing. The Defendant timely notified the Government of Defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the government intends to file a motion pursuant to U.S.S.G. Section 3E1.1(b) requesting that the Court

decrease the offense level by **1** additional level. The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

**Waiver of Right to Appeal**

**46. Direct Appeal:** The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The Defendant further agrees that in the event the Court sentences the Defendant to **41 to 51 months of imprisonment**, regardless of the Defendant's criminal history category or how the sentence is calculated by the Court, then the Defendant expressly waives the Defendant's right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

**47. Collateral Attack:** Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing

Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offenses and explicitly make such an amendment retroactive, the Government agrees that it will not assert this waiver as a bar to the Defendant filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2). However, if the Defendant files such a motion, the Government reserves the right to oppose the motion on any other grounds, and reserves the right to assert this waiver as a bar to an appeal from the district court's decision regarding the motion. As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

**48. No Appeal of Supervised Release Term and Conditions**: The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

**Potential Civil Commitment and Sex Offender Registry**

**49. Potential Civil Commitment:** The Defendant has been advised, and understands, that pursuant to 18 U.S.C. § 4248, he faces potential civil commitment as a sexually dangerous person following the expiration of his term of imprisonment. He understands that any potential civil commitment would be the subject of a separate civil proceeding. He further understands

that no one, including his attorney or the Court, can predict with certainty the effect of his conviction on such a civil commitment determination or the likelihood that civil commitment would be imposed. He understands that civil commitment can be imposed for an indefinite period of time. He nevertheless affirms that he wants to plead guilty regardless of any potential civil commitment consequences that his plea may entail.

**50.** **Sex Offender Registration:** The Defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school as required by both federal and state law, pursuant to 18 U.S.C. § 3583(d) and the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. § 16913, et seq.

## Presentence Investigation Report

**51.** The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**52.** The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, Defendant's counsel, the Defendant, and the government at any time, including prior to entry of a formal plea of guilty.

## Immigration Consequences

**53.** The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the

Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the Defendant is pleading guilty. The Defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the Defendant's removal from the United States.

**Statement of the Defendant**

**54.** By signing this document, the Defendant acknowledges the following:

**A.** I have received a copy of the Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Information in open Court, and all further proceedings including my arraignment.

**B.** I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed

as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**C.** I have read the entire Plea Agreement and discussed it with my attorney.

**D.** I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**E.** Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty". I am prepared to accept any punishment permitted by law which the Court may see fit to impose. However, I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

**F.** I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

**G.** I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

**H.** I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crimes to which I am entering my plea.

**I.** I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**J.** My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**K.** My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

**L.** No trial date of this case has been scheduled. However, I request that any such date be continued to permit the Court to consider this proposed guilty plea agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty plea agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

**Certificate of Counsel**

**55.** By signing this document, the Defendant's attorney and counselor certify as follows:

**A.** I have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Information in this case;

**B.** To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

C. The plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with our advice to the Defendant;

D. In my opinion, the Defendant's waiver of all reading of the Information in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

E. In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

## Final Provision

**56. Complete Agreement:** The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty. This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and the Criminal Division of the United States Department of Justice, and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

3-7-17
DATE

Steven D. DeBrota
Senior Litigation Counsel

3.7.17
DATE

Joe H. Vaughn
First Assistant United States Attorney

March 6, 2017
DATE

Jerry Boucher
Defendant

3-6-17
DATE

William Dazey
Counsel for Defendant